## SAMUEL B. HURLBURT *v.* JOHN GOODSILL.

### *Pleading.*

An avowry in replevin justified the taking and impounding of the animal, for which the action was brought, on the ground that it was taken *damage feasant* on the defendant's *close*. The defendant's replication to the plaintiff's plea to the avowry alleged that the lands of the plaintiff and the defendant were occupied *in common*. *Held*, that the replication was a *departure* from the avowry and therefore bad on demurrer.

The replication not only alleged that the lands of the parties were occupied by them *in common*, but also stated that at a former period the proprietors under whom they respectively claimed, had made an agreement relative to their respective shares of the divisional fence between them, and had built and for a time maintained the fence accordingly, but that the portion which should have been kept up by the plaintiff had been recently suffered to get out of repair, and that the plaintiff's animal escaped into the defendant's land over that portion of the fence. *Held*, that this replication was *repugnant* because the allegation in regard to the occupancy of the land *in common* was entirely inconsistent with and contradictory to the allegation in regard to the *divisional fence.*

REPLEVIN for a bull. The defendant avowed that on the 22d of September, 1852, he took the bull in question while *damage feasant* in his *close*, and impounded him.

The plaintiff plead to the avowry that the fence inclosing the close in question, other than and besides the fence adjoining the highway, and the fence which the plaintiff was bound by law to make and repair, was not a legal and sufficient fence.

The defendant replied that in 1839 the proprietors of the closes of the plaintiff and the defendant, from whom they respectively derived their titles, made a parol agreement in relation to the division fence between them, designating the portions thereof to be built by the said proprietors respectively; that the ·fence was built by them in accordance with this agreement; that the proprietor through whom the plaintiff claimed, and his successors in title, kept their proportion of the fence in repair up to the 1st of January, 1851; that the proprietor and his successors in title through whom the defendant claimed, kept their proportion of the fence in repair to a period subsequent to the taking and impounding of the bull; " *that at the time when, etc., a legal fence on the*

*dividing line between the lands of the plaintiff and the defendant had not been built and sustained, and the said John and the said Samuel then occupied the said lands in common, without a legal division fence between their said lands ;"* that there had not been any agreement made between the parties in relation to turning in any cattle, horses, sheep or swine upon said lands so occupied in common, and that the plaintiff's bull, for the want of a sufficient legal division fence between the lands of the parties, escaped over that portion of the fence which had, under said agreement, been previously kept in repair by the plaintiff's grantor and which was then out of repair and wholly insufficient, etc., etc.

To this replication the plaintiff demurred on the ground that it was both double and repugnant.

The county court,—Peck, J., presiding,—adjudged the replication insufficient, and rendered judgment for the plaintiff for damages and costs.   Exceptions by the defendant.

*B. H. Smalley,* for the defendant.

*H. R. Beardsley* and *James S. Burt,* for the plaintiff.

The opinion of the court was delivered by

Bennett, J.   The ground attempted to be assumed in the defendant's replication is a *departure* from the ground assumed in the *avowry.*

In the avowry the defense is put upon the ground that the animal was taken *damage feasant* on the *inclosed* land of the defendant.   The replication is also bad for *repugnancy.*   It not only alleges that the parties occupied the two lots *in common,* but it then proceeds to allege that as early as 1839 the former owners of the two lots made a parol agreement for building and maintaining a division fence between the two lots, and that the division fence was built according to the agreement, and that the proprietor under whom the plaintiff claims, built and maintained his part as a division fence up to the 1st of January, 1851; and that the proprietor and his grantees under whom the defendant claims, built, kept and maintained their part of the fence in good and legal repair from the time it was built up to a period of time subsequent to the time

the bull was impounded, and that he escaped upon the lot of the
defendant over that portion of the fence which the proprietor
under whom the plaintiff claims, had built, and which the plaintiff
had permitted to go to decay, and that the defendant's part of the
fence had been kept in legal repair until after the seizure of the
bull.  This is altogether incompatible with the idea that the two
lots were occupied in common.  As bearing upon an occupancy in
common, it was of no account whether the fences were either in
whole or in part sufficient and *legal*, nor was it of any importance
whether the parol division of the fence between the former propri-
etors was legally binding upon the parties to this suit or not.
Until this fence had been repudiated by the present owners as a
division fence between them, and set at naught, they could not be
said to occupy in common.

No *repudiation* is alleged in the replication, but on the contrary
the defendant alleges that his part of the fence had been kept in
legal repair up to the time the bull was impounded by him.  We
think, then, the replication is insufficient, and that the bull was
illegally impounded.

The result is an affirmance of the judgment of the county court.